## Firearms Licenses

RUTTER, Deputy Attorney General, February 27, 1940. —By your communication to this department you have requested advice concerning the interpretation of the Uniform Firearms Act of June 11, 1931, P. L. 497, as amended by the Act of June 20, 1935, P. L. 350, with respect to whether a licensee under this legislation may carry only the firearm described in the license, or whether he may carry any firearm.

In a letter of January 26, 1938, addressed to the Director of the Bureau of Elections, Deputy Attorney General Todaro ruled that a licensee might carry only one firearm under one license, and that such firearm must be the one designated in the license.

The Court of Quarter Sessions of Delaware County on March 4, 1938, held that a license granted under the subject legislation permits the licensee to carry a firearm without any designation on the license of the particular firearm to be carried; in short, that as long as one holds a license he may carry thereunder any firearm: Henry v. Pechin, Sheriff, 31 D. & C. 484 (1938).

We are informed by you that the Secretary of the Commonwealth under date of April 20, 1938, sent a form letter to the sheriffs and certain police officials throughout the Commonwealth, which letter was as follows:

"The Attorney General's Office has advised the Secretary of the Commonwealth that all firearm permits is-

sued under the provisions of the Act of 1931, P. L. 497, must contain the make, the manufacturer's number, and also the caliber of the firearm. The Attorney General also advises the Secretary of the Commonwealth that a firearm permit can be only issued for a specified firearm; that a permit purporting to authorize an individual to carry any firearm is illegal.

"You are therefore advised that the Secretary of the Commonwealth will not accept for filing any firearm permits which do not contain the make, the manufacturer's number, and a description of the firearm as provided for on the approved form."

You inform us that you are frequently called upon to answer the question you have propounded to us and in view of the divergent rulings above mentioned, you wish to be advised which you are to follow.

The Uniform Firearms Act, supra, was repealed by article XII, sec. 1201, of The Penal Code of June 24, 1939, P. L. 872. However, The Penal Code, in section 628 thereof, reënacted the Uniform Firearms Act in substantially the same form as before. In view of this fact, you are still confronted with the same problem which arose under the Act of 1931, supra.

After carefully reviewing the above-cited opinion of the Delaware County court, and reconsidering the hereinbefore-mentioned letter of January 26, 1938, emanating from this department, we are of the opinion that the more cogent reasoning is that contained in the court's decision; and, therefore, that we should follow that decision. To the extent, therefore, that the conclusions reached herein conflict with the opinions expressed in the letter of Deputy Attorney General Todaro of January 26, 1938, to the Director of the Bureau of Elections, those opinions ought to be, and are, hereby overruled.

We are of the opinion, therefore, and you are accordingly advised, that the Uniform Firearms Act, as contained in The Penal Code, sec. 628, supra, should be construed to mean that a license issued thereunder permits

a licensee to carry any firearm, as defined in said act; and that the purpose of said act is to license the carrier of the firearm, not the firearm itself.